Filed 03/15/11　　　Case 10-63324　　　Doc 40

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re　　　　　　　　　　　　　Case No. 10-63324-A-7

JOSEPH PERRY and
ROBIN L. PERRY,

　　　　Debtor.
_____/

**ORDER TO SHOW CAUSE DIRECTED TO RANDY J. RISNER
ORDERING HIM TO APPEAR AND SHOW CAUSE WHY HE SHOULD NOT BE
SANCTIONED AND/OR ORDERED TO DISGORGE FEES FOR
MISREPRESENTATION TO THE COURT WITH RESPECT
TO REQUEST TO PAY FILING FEE IN INSTALLMENTS**

　　Randy J. Risner is hereby ordered to appear and show cause why he should not be sanctioned for misrepresentations made to the court in connection with a motion in this case to pay the filing fee in installments. The case was filed on November 17, 2010. Also on November 17, 2010, the debtors filed an application to pay the filing fee in installments. That application represents that the debtors are "unable to pay the filing fee except in installments." The application was signed, electronically, by Randy J. Risner and by each of the debtors. On November 18, 2010, the court routinely granted the order allowing the filing fee to be paid in installments.

　　On March 1, 2011, the court issued a Notice of Intent to Close Chapter 7 Case Without Entry of Discharge Due to Failure to Pay Filing Fee and Administrative Fee. That Notice of Intent

1

indicated that the date for making the final installment payment in the case had passed and that $224 of the fee had not been paid.

On March 4, 2011, the court received a final installment payment.

Prior to that time, on March 1, 2011, the court held a hearing on whether a reaffirmation agreement between the debtors and Toyota Motor Credit Corporation should be approved. At that hearing, the debtors appeared without their attorney. At the hearing, the court brought up that a significant amount of the filing fee had not been paid. Mr. and Mrs. Perry stated, and Mrs. Perry testified, that they paid Randy J. Risner $1,000 before the bankruptcy case was filed. She further testified that that amount included $299 for the filing fee. Thus, they paid him $701 for his attorney fee and $299 for the filing fee.

The Disclosure of Compensation filed by Randy J. Risner states that he was paid $975 before the case was filed. According to the Perrys, that disclosure is wrong.

Mrs. Perry also testified that she was aware that Risner filed an application to pay the filing fee in installments. According to her, Randy J. Risner

> "called us in his office shortly before he got us a court date for our bankruptcy, and proceeded to tell us that he did not have the money to file our case."

The Perrys did authorize Randy J. Risner to file the application to pay the filing fee in installments. However, the filing of the application to pay the filing fee in installments was a misrepresentation in that the debtors clearly had the ability to pay the fee to the court as they had, in fact, already

paid it to Randy J. Risner.

For an attorney representing debtors in chapter 7 to accept from the debtors funds to pay the filing fee in full and then cause the debtor to file an application to pay the fee in installments is tantamount to a fraud on the court. Additionally, the harm was increased in this case because Randy J. Risner failed to timely pay the installments, thus putting the debtors at risk of having their discharge delayed or the case closed without a discharge being entered. It was not until after the hearing on the reaffirmation agreement when the court raised the issue that Randy J. Risner made the final payment in this case and the debtors were able to obtain their discharge.

A hearing on this Order to Show Cause will be held April 6, 2011, at 9:00 a.m. in Department A, Courtroom 11, Fifth Floor, 2500 Tulare Street, Fresno, California 93721.

At that time, Randy J. Risner shall appear personally and show cause why he should not be sanctioned. A true and correct copy of the transcript of the hearing on approval of reaffirmation agreement with Toyota Motor Credit Corporation is attached hereto to as Exhibit "A" and incorporated herein as though fully set forth.

DATED: March 15, 2011.

_____
WHITNEY RIMEL, Judge
United States Bankruptcy Court

Filed 03/15/11    Case 10-63324    Doc 40

FILED
March 11, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003340862

```
 1                UNITED STATES BANKRUPTCY COURT

 2                EASTERN DISTRICT OF CALIFORNIA

 3                  HON. WHITNEY RIMEL, JUDGE

 4

 5
     In the Matter of           ) Case No. 10-63324-A-7
 6                              ) Chapter 7
     JOSEPH PERRY, JR.,         )
 7   and ROBIN PERRY,           )
                                )
 8              Debtors.        ) Hearing on Approval of
     _____) Reaffirmation Agreement
 9                                with Toyota Motor
                                  Credit Corp.
10

11

12
     March 1, 2011                       Fresno, California
13

14

15            REPORTER'S TRANSCRIPT OF PROCEEDINGS

16

17

18

19

20

21
     Linda A. Gorman, RMR
22   C.S.R. License #12693

23

24

25
```

Exhibit "A"

Filed 03/15/11   Case 10-63324   Doc 40

```
 1  APPEARANCES OF COUNSEL:
 2  For the Debtors:        Joseph and Robin Perry
                            In pro per
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1  Tuesday, March 1, 2011                    Fresno, California
 2  2:00 p.m. Calendar
 3          THE COURT:  Joseph and Robin Perry.  You're Mr. and
 4  Mrs. Perry?
 5          DEBTOR JOSEPH PERRY:  Yes.
 6          DEBTOR ROBIN PERRY:  That's correct.
 7          THE COURT:  So you have a filing fee that hasn't been
 8  paid.  Are you aware of that?
 9          DEBTOR ROBIN PERRY:  No.
10          THE COURT:  Mr. Risner represents you in your
11  bankruptcy case; is that right?
12          DEBTOR ROBIN PERRY:  That's correct.
13          THE COURT:  Did you pay -- give him the money to pay
14  the filing fee?
15          DEBTOR ROBIN PERRY:  Yes, he was paid upfront.
16          THE COURT:  Now, did you pay Mr. Risner the entire
17  amount of the filing fee before you filed your case?
18          DEBTOR ROBIN PERRY:  Yes.
19          THE COURT:  Okay.  And you're Mr. and Mrs. Perry?
20          DEBTOR ROBIN PERRY:  That's correct.
21          THE COURT:  And how much did you pay Mr. Risner to
22  file your case for you?  Not the filing fee, but the total
23  amount you paid him.
24          DEBTOR ROBIN PERRY:  We paid him a thousand dollars.
25          THE COURT:  Okay.  And then -- plus the filing fee,
```

```
 1  right?
 2          DEBTOR ROBIN PERRY:  That included --
 3          DEBTOR JOSEPH PERRY:  That included the filing fee.
 4  It was seven hundred dollars, plus the two ninety-nine for the
 5  filing fee.
 6          THE COURT:  Okay.  Alright.
 7          So then what he did was he filed an application to pay
 8  the filing fee in installments, even though he already had the
 9  money.  And I'm not seeing the -- I'm told that there is an OSC
10  for failure to pay the remaining filing fee.  I'm not seeing it
11  here.  If I were to -- yeah, it looks like you paid him nine
12  hundred and seventy-five dollars.  Does that ring a bell?
13          DEBTOR ROBIN PERRY:  No.  We paid him a thousand
14  dollars.
15          THE COURT:  Oh, you did.  Okay.
16          So if I were to ask you to be sworn in, would you just
17  say all this under oath?
18          DEBTOR JOSEPH PERRY:  Yes.
19          DEBTOR ROBIN PERRY:  Absolutely.
20          THE COURT:  Could we swear in Mr. or Mrs. Perry,
21  whoever wants to talk.
22                          ROBIN PERRY,
23  having been first duly sworn, was examined and testified as
24  follows:
25                          EXAMINATION
```

```
 1  BY THE COURT:
 2  Q.  And so you are Robin Perry?
 3  A.  That's correct.
 4  Q.  And you filed a bankruptcy case along with your husband,
 5  Joseph?
 6  A.  That's correct.
 7  Q.  And Randy Risner represents you in that bankruptcy case?
 8  A.  That's correct.
 9  Q.  Before you filed the case, how much did you pay him?
10  A.  One thousand dollars.
11  Q.  And did that include two hundred and ninety-nine dollars
12  for the filing fee?
13  A.  Yes, it did.
14  Q.  So seven hundred one dollars for his work, and two hundred
15  ninety-nine for the filing fee?
16  A.  That's correct.
17  Q.  Okay.  So if he filed a disclosure of compensation that
18  said you paid him nine hundred and seventy-five dollars, that
19  would be wrong?
20  A.  To my knowledge, yes.
21  Q.  And were you aware that he filed an application to pay the
22  filing fee in installments?
23  A.  Yes, I am aware of that.  He called us in his office
24  shortly before he got us a court date for our bankruptcy, and
25  proceeded to tell us that he did not have the money to file our
```

1  case.

2  Q. Okay. And it looks like one installment was paid, and the
3  balance of installments have not been paid.

4  　　　THE COURT: The Court is going to issue an order to
5  show cause to Mr. Risner why he should not be sanctioned for,
6  first of all, stating that he received nine hundred and
7  seventy-five dollars when he actually received a thousand and,
8  second, for filing an application to pay the filing fee in
9  installments when he'd actually received all the money to pay
10 the filing fee from you.

11 BY THE COURT:

12 Q. Did you authorize him to file the application to pay the
13 fee in installments?

14 A. Yes, we did.

15 Q. Okay. Even though you'd paid it all to him ahead of time?

16 A. Yes.

17 Q. Okay. Alright.

18 　　　And did he go to the meeting of creditors with you?

19 A. Yes, he did.

20 Q. Okay. And did he discuss the reaffirmation agreement with
21 you?

22 A. Briefly.

23 Q. Okay. Did he explain to you the consequences of the
24 reaffirmation agreement at all like I just did?

25 A. No. You were much more forthwith.

1　　　　　THE COURT: Okay. So let's get back to your

2　reaffirmation agreement now, which is why you're actually here.

3　　　　　This is your 2007 Camry. Who drives the Camry?

4　　　　　DEBTOR JOSEPH PERRY: I do.

5　　　　　THE COURT: You do, okay.

6　　　　　And do you have another car that you drive?

7　　　　　DEBTOR ROBIN PERRY: Yes, I'm using my mom's so

8　that --

9　　　　　THE COURT: And you're paying -- it looks like you're

10　paying six point three nine percent, you have about two years

11　left of payments, you owe about ten thousand dollars, and you

12　think it's worth about fourteen thousand dollars, so that's all

13　a plus.

14　　　　　The problem is that -- and Mr. Risner did sign the

15　agreement, but he says he thinks it's an undue hardship. And

16　based on your bankruptcy schedules, it looks like it is an

17　undue hardship. How are you going to make this -- these

18　payments work?

19　　　　　DEBTOR ROBIN PERRY: Well, we don't have any other way

20　to get to work.

21　　　　　THE COURT: Right. But you say you've got four

22　thousand six hundred and fifteen dollars of income and five

23　thousand three hundred twenty-four dollars of expenses, and so

24　that doesn't equal out at the end of the month.

25　　　　　DEBTOR ROBIN PERRY: All I know is that my husband is

```
 1   working in Bakersfield, and we only have two cars.  And I have
 2   two children, and I have to work also.  And I don't know how
 3   else we're going to manage.
 4        THE COURT:  Right, I understand that.  But if you have
 5   forty-six hundred dollars a month in income and fifty-three
 6   hundred dollars a month in debts, what are you going to stop
 7   paying in order to make the payments on the Camry?
 8        DEBTOR ROBIN PERRY:  I don't know.
 9        THE COURT:  Are you current on the Camry right now?
10        DEBTOR ROBIN PERRY:  Yes, we are.
11        THE COURT:  So, I'm looking at your expenses here.
12   And you still have your house?
13        DEBTOR ROBIN PERRY:  Yes.
14        THE COURT:  And it looks like you've got Internet,
15   medical and dental expenses, three hundred and thirty-four
16   dollars a month.  I'm just trying to see what you could give up
17   here.  Oh, you've got nine hundred and twenty dollars a month
18   on college tuition and fees and job-related travel costs?
19        DEBTOR ROBIN PERRY:  That's correct.
20        THE COURT:  So you're paying -- how much of that is
21   college tuition?
22        DEBTOR ROBIN PERRY:  We're not paying college
23   tuition.  My daughter's tuition is covered.  That is for my
24   husband's expenses traveling to and from Bakersfield.
25        THE COURT:  I'm sorry, I'm confused.
```

1    DEBTOR ROBIN PERRY: I don't know why that says
2    college fees, unless he included, you know, our transportation,
3    getting our daughter to and from school.
4         THE COURT: Well, I'm just trying to see where the
5    give and take is here on your expenses. You've got three
6    hundred and thirty-four dollars a month in transportation, not
7    including car payments, I think, and then -- let's see, that
8    would be insurance, that would be charity.
9         You've also got seven hundred dollars a month in
10   recreation, clubs, entertainment, newspapers, and magazines.
11   That could be something that --
12        DEBTOR JOSEPH PERRY: That's -- that's an error.
13        THE COURT: That's an error.
14        DEBTOR ROBIN PERRY: That has to be an error.
15        THE COURT: Okay. And then you have -- okay.
16        So assuming that's an error, you think you can afford
17   to make these payments?
18        DEBTOR ROBIN PERRY: Yes.
19        DEBTOR JOSEPH PERRY: We have been --
20        DEBTOR ROBIN PERRY: We have been making the payments.
21        THE COURT: Okay. I will approve the agreement.
22   Alright?
23        DEBTOR JOSEPH PERRY: Thank you.
24        THE COURT: Okay. And you'll get notice of the order
25   to show cause to -- directed to Mr. Risner. If you can appear,

```
 1  that would be great.  If you can't appear, that's okay.  You

 2  won't be required to appear.

 3          DEBTOR JOSEPH PERRY:  He assured us that he would make

 4  the payments so --

 5          THE COURT:  Well, he hasn't so -- he made one.

 6          DEBTOR JOSEPH PERRY:  Okay.

 7          DEBTOR ROBIN PERRY:  Thank you very much.

 8          THE COURT:  Thank you.

 9          (The proceedings were concluded.)

10

11          I, LINDA A. GORMAN, Registered Merit Reporter and

12  C.S.R. License #12693, do hereby certify the foregoing

13  transcript as true and correct.

14

15
    DATED: March 11, 2011
16                                  By:/s/Linda A. Gorman, RMR
                                    Certified Shorthand Reporter #12693
17

18

19

20

21

22

23

24

25
```