**NOT FOR PUBLICATION**

FILED
MAY 27 2011
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                               Case No. 10-63324-A-7

JOSEPH PERRY, JR. and
ROBIN L. PERRY

          Debtor.
_____/

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
RE ORDER TO SHOW CAUSE DIRECTED TO RANDY J. RISNER**

A hearing was held April 6, 2011, on an Order to Show Cause directed to Randy J. Risner. After the hearing, the court took the matter under submission. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A).

On November 17, 2010, Randy J. Risner filed a chapter 7 bankruptcy petition on behalf of Joseph Perry, Jr. and Robin L. Perry, debtors herein. The petition was accompanied by an Application to Pay Filing Fee in Installments, and an Order Approving Payment of Filing Fee in Installments was issued November 18, 2010. That order set out a payment schedule of $74.75 on each of December 20, 2010; January 3, 2011; January 31, 2011; and February 28, 2011.

On December 1, 2010, a payment was made by a check from Mr.

Risner in the amount of $75.00. None of the remaining payments were made, and on March 1, 2011, the court issued its "Notice of Intent to Close Chapter 7 Case Without Entry of Discharge Due to Failure to Pay Filing Fee and Administrative Fee."

The court held a reaffirmation agreement hearing on March 1, 2011, the same date the Notice of Intent issued, at which both debtors appeared. Mr. Risner did not appear at the hearing. At that hearing, debtors were informed that their installment payment schedule had not been completed and that they could not receive a discharge until the fee had been paid in full. Robin Perry was sworn in and testified that they had paid the full filing fee to Mr. Risner, who then represented to them that he was unable to pay the full filing fee to the court and requested that they sign an application to pay in installments, which they did. The debtors did not know until the reaffirmation agreement hearing that the filing fee installment payments had not been made, as Mr. Risner had assured them he would make the payments. Based on that testimony, the court issued an Order to Show Cause directed to Mr. Risner.

At the hearing on the Order to Show Cause on April 6, 2011, both debtors appeared, as did Mr. Risner. The debtors said that they had been referred to Mr. Risner by a friend, and that they understood that the $975.00 fee paid to him included both Mr. Risner's fee and the $299 filing fee. They understood that Mr. Risner was discounting his fee because of the referral from the friend. Mr. Risner was hesitant to produce a copy of the fee agreement with debtors because of the attorney/client privilege. The debtors then gave Mr. Risner permission to disclose the

contents thereof.

Mr. Risner asserted that the $975 paid by debtors was his fee and did not include the filing fee. Robin Perry was sworn in and testified that she and her husband were under the impression that everything, including the filing fee, was included in that $975 payment, because of the "discount" they were receiving from the referral by a friend. She then described how Mr. Risner had asked that they sign the application to pay in installments and said that Mr. Risner told them not to worry, that he would take care of it. She testified that she did not receive a copy of the installment payment order but was told not to worry, that it would be taken care of. Ms. Perry testified that they learned of the failure to pay the installment payments at the reaffirmation agreement hearing on March 1, 2011. She testified that because they were worried that they would not get their discharge, they came to the clerk's office to pay the remaining balance, and were told that Mr. Risner had come in on March 4, 2011, and paid the balance by check, along with the balance due in several other cases.

After the payment of the filing fee in full, on March 7, 2011, the debtors received their chapter 7 discharge, and the case is now ready to close.

Here, Mr. Risner took the case for a reduced fee. He did, however, get paid by the debtors the entire amount of the filing fee before he filed the case. He did cause the debtors to file an application to pay the filing fee in installments, after they had already paid him the amount necessary for him to pay the filing fee. He then failed timely to pay the filing fee

installments.  In the court's view, receiving the amount of the filing fee from the debtors before the case was filed and then causing the debtors to file an application to pay the filing fee in installments is tantamount to a fraud on the court.  The problem is only exacerbated when the installment payments are then not made.  The debtors here faced the serious consequence of not receiving their discharge due to Risner's failure timely to pay the filing fee.  This is not the only case in which Risner paid the filing fee in installments, as evidenced by his payment in several cases on March 4, 2011, of the balance of the filing fees.

This is a very serious problem.  The court found credible Ms. Perry's testimony that they paid Mr. Risner the amount of the filing fee before the case was filed.  However, the Perrys have now received their discharge.  Because of the seriousness of the problem, Randy Risner is sanctioned $200, payable to the Clerk of the Court within ten (10) days of the entry of the order that accompanies these findings of fact and conclusions of law.

DATED: 5/27/11

WHITNEY RIMEL, Judge
United States Bankruptcy Court